■ In the Matter of WILLIAM J. QUINN, an Incompetent Person. FRANCES D. QUINN et al., Appellants; ROBERT E. PARKER et al., Respondents.— Order entered on March 21, 1963 denying an application to vacate a portion of a prior order dated June 26, 1959 and for other related relief, unanimously affirmed, without costs. The appellants are the decedent's widow and his infant great-greatnieces and nephews, represented by the special guardian. The order under review denies an application to vacate a prior order declaring the invalidity of a will executed by the decedent in 1958. That order was entered during the lifetime of the decedent but during a period of his adjudicated incompetency. The finding of invalidity was based — among other reasons — upon proof that the will was executed while he was incompetent. When the first order declaring the invalidity of the will was entered the infant-appellants had at best an expectancy under that will because the decedent was still alive. However, upon the decedent's death, which occurred prior to the proceeding now under appeal, such expectancy had been terminated. Any sums they could possibly have received under the 1958 will would have become vested in their parents or grandparents immediately upon the death of the decedent. At that time there would have been nothing for them to take under the 1958 will and, accordingly, they could not be aggrieved by a denial of the vacatur of the order declaring that will invalid, and consequently should not have been designated as parties to that proceeding. The only other appellant — the decedent's widow — may not now be heard to complain of the order establishing the invalidity of the 1958 will. She appeared in the proceeding that resulted in such order, did not indicate that she had any objection to the result and took no appeal therefrom. Accordingly, she should be foreclosed from taking what in effect would be an untimely appeal from the order sought to be vacated. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.